GIBSON, DUNN & CRUTCHER LLP
MICHAEL SITZMAN, CA Bar No. 156667
G. CHARLES NIERLICH, CA Bar No. 196611
ADAM WILSON, CA Bar No. 206107
One Montgomery Street, Suite 3100
San Francisco, California 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309
msitzman@gibsondunn.com
adamwilson@gibsondunn.com
Attorneys for Plaintiff
2KDIRECT, LLC

Manatt, Phelps & Phillips, LLP
SETH A. GOLD (Bar No. CA 163220)
E-mail: sgold@manatt.com
ZOEY KOHN (Bar No. CA 235333)
E-mail: ZKohn@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for Defendant
AZOOGLEADS US, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 2KDIRECT, LLC, a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AZOOGLEADS US, INC., a division of EPIC ADVERTISING, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO. CV 08-03340 VBF (JWJx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>**NOTE CHANGES MADE BY THE COURT** |

WHEREAS, the parties to this action anticipate that the conduct of this matter may require disclosure of confidential information, including trade secrets, research,

development, commercial, financial, and strategic information within the meaning of Fed.R.Civ.P. 26(c);

WHEREAS, this Protective Order shall govern, and shall be applied on a narrowly-tailored basis to protect, only those documents, materials, items or information that materially consist of information that is lawfully entitled to confidential treatment under Fed.R.Civ.P. 26(c) and applicable law;

WHEREAS, to ensure that no unfair advantage is gained by a party through disclosure or use of confidential information that may be provided to the opposing party or parties, the parties have agreed to the terms of this Protective Order;

WHEREAS, the parties acknowledge that this Protective Order creates no entitlement to file confidential information under seal, because Civil Local Rule 79-5 and this Court's Scheduling and Case Management Order and Procedures and Schedules page sets forth the procedures that must be followed, and reflects the standards that will be applied, when a party seeks permission from the Court to file material under seal;

NOW THEREFORE, by and through their respective undersigned counsel, the parties to this action hereby stipulate and agree, and request the entry of the following Protective Order in this action:

1. **Designation of Material**

   1.1 Any party to this action and any non-party from whom discovery is sought in connection with this action may designate as:

   *"Highly Confidential - Attorneys Eyes Only"*

   or

   *"Confidential"*

   any documents, things, interrogatory answers, responses to request for admissions, trial or deposition testimony, or other material or evidence that contains information within either of the above designations as hereinafter defined.

**1.2** As used herein, *"Confidential"* information shall be those things that are not publicly known and in the ordinary course of business would not be disclosed to or be accessible by the public, including, but not limited to, financial information of the parties, of third parties or of individuals, personal information, personnel records, as well as trade secrets or other confidential research, development, or commercial information that qualify for protection under standards developed pursuant to Fed.R.Civ.P. 26(c) and applicable law.

**1.3** As used herein, *"Highly Confidential—Attorneys' Eyes Only"* information shall apply to only particularly sensitive confidential information that the producing party believes in good faith cannot be disclosed to a competitor without threat of competitive injury, because such material contains proprietary information, commercially sensitive information, or trade secrets under applicable law. This designation shall be used as sparingly as possible with respect to especially sensitive technical information and current business and financial information.

**1.4** This Protective Order is not meant to and does not protect a document from disclosure in this matter merely because it is marked *"Confidential," "Highly Confidential—Attorneys' Eyes Only"* or merely because it might be misinterpreted or show a party in a bad light.

**2. Restriction on Use and Disclosure of Designated and Non-Designated Materials**

**2.1** Absent a specific order of this Court, material designated *"Confidential"* or *"Highly Confidential—Attorneys' Eyes Only,"* and any information derived therefrom, shall be used by the parties solely in connection with this litigation, and not for any business or competitive purpose, and such information shall not be disclosed to anyone except as provided herein.

**2.2** Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any *"Confidential"* or *"Highly Confidential—Attorneys' Eyes Only"* designated material. No copies of materials designated

"*Confidential*" or "*Highly Confidential—Attorneys' Eyes Only*" shall be made except by or on behalf of counsel for the parties.

**2.3** The restrictions contained in this section do not apply to (a) information that was lawfully possessed by a party before such information was produced in connection with this action; (b) information that is or was public knowledge at the time of or prior to designation in this action, or that, after such designation, becomes public knowledge other than by an act or omission of a non-designating party in violation of this Protective Order; or (c) information that a non-designating party has lawfully obtained or may hereafter lawfully obtain from a non-party to this action having the right to disclose such information free of any obligation of confidentiality.

**2.4** In the event of any dispute with respect to the propriety or correctness of the designation of information, including testimony and documents, as either "*Confidential*" or "*Highly Confidential—Attorneys' Eyes Only*" materials, the parties shall attempt to resolve the dispute. The party that elects to initiate a challenge must do so in good faith and must notify the designating party in writing of its challenge, identify the challenged material, then confer with counsel for the designating party in an effort to meet and confer in good faith. Each party must explain the basis for its respective position about the propriety of the challenged confidentiality designations. The parties shall have fourteen (14) days from the initial notification of a challenge to complete this meet and confer process. In the event of failure to resolve the dispute, any party wishing to challenge the designation may file a motion or application for an appropriate order. The information shall be treated as designated until the issue is resolved. The burden of proof with respect to the propriety or correctness of the designation shall rest on the designating party.

**2.5** The Court retains the authority at all times to finally review any document or information designated by a party as "*Confidential*" or "*Highly Confidential—Attorneys' Eyes Only*" and to determine the appropriateness of that designation, and to re-classify any document as non-confidential, or reduce the designation to a lower

level designation, if the Court determines that a party's *"Confidential"* or *"Highly Confidential—Attorneys' Eyes Only"* designation is not appropriate.

3. **Marking of Designated Materials**

A designation as to documents shall be made by placing a legend on each page of any document that a designating party wishes to protect against unauthorized disclosure or use. The legend shall read: *"Confidential"* or *"Highly Confidential—Attorneys' Eyes Only."* All pages of documents to be so designated shall be marked prior to producing a physical or electronic copy thereof to the receiving party. The designation of any physical object as to which inspection or sampling has been requested shall be made by placing a legend reading *"Confidential"* or *"Highly Confidential—Attorneys' Eyes Only"* on the object itself, on a tag attached thereto, or on the container within which it is stored. In the event that documents are produced for inspection at a party's facilities, such documents may be made available for initial inspection before copies are provided and before being marked confidential. In such cases, the documents shall be treated as designated *"Highly Confidential—Attorneys' Eyes Only,"* and be inspected only by those persons identified in Paragraph 8. The furnishing party shall then have an opportunity to designate the items selected for copying as *"Confidential"* or *"Highly Confidential—Attorneys' Eyes Only,"* pursuant to the provisions of this Protective Order, prior to furnishing copies to the receiving party. Such initial inspection shall not constitute a waiver of confidentiality with respect to any document to inspected.

4. **Inadvertent Disclosure or Failure to Mark or Designate**

4.1   If a party inadvertently discloses any document or thing containing *"Confidential"* or *"Highly Confidential—Attorneys' Eyes Only"* information without designating it as such, the disclosing party shall promptly, upon discovery of such inadvertent disclosure, inform the receiving party in writing, and the receiving party shall thereafter treat the information as newly designated. The disclosing party shall provide replacement copies of said inadvertently disclosed materials, with the

appropriate designation, to the receiving party within thirty (30) days of discovery of such inadvertent disclosure. The receiving party shall make every reasonable effort to retrieve the undesignated or mis-designated materials from all persons who received the undesignated or mis-designated materials and return such materials to the disclosing party or, if so directed by the disclosing party, destroy all copies of the undesignated or mis-designated materials.

    **4.2** If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, the producing party shall promptly, upon discovery of such disclosure, so advise the receiving party in writing and request that the materials or information be returned. The receiving party will return or destroy such inadvertently disclosed materials or information and all copies, and shall confirm such return or destruction, within ten (10) days of receiving the written request for return of the materials or information. Nothing in this paragraph shall be construed to preclude any party from challenging whether the information was inadvertently disclosed, whether such disclosure waived any privilege or immunity, and/or whether a claim of privilege is proper. Until such time, however, that it is either agreed by the parties or determined by the Court that a disclosure was not inadvertent, that such disclosure waived any privilege or immunity, and/or that such claim of privilege was improper, the information shall be treated as privileged or otherwise immune from discovery and shall not be used or disclosed by the nondisclosing party.

    **4.3** Treatment by opposing counsel in conformity with the indicated designation shall not be construed in any way as an admission or agreement by any party that the designated information is in fact confidential.

**5. Depositions and Pretrial Testimony**

    **5.1** In the case of depositions or other pretrial testimony, the designation of depositions or other pretrial testimony, or portions thereof, shall be made (a) by a statement on the record, by counsel, during such deposition or other pretrial

6

proceedings that the entire transcript or portion thereof shall be designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," as appropriate, hereunder; or (b) by a written notice of such designation sent by counsel to all parties and the deponent (if not a party) within twenty (20) days after service of the transcript of the deposition or testimony. In the case where there is no transcript of testimony, then written notice of such designation shall be sent by counsel to all parties within twenty (20) days of the testimony. The parties shall treat all deposition or other pretrial testimony as "Highly Confidential—Attorneys' Eyes Only" until expiration of the 20 day period until otherwise designated. If any document or information designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be deemed to be designated with the same level of confidentiality, and access thereto shall be limited pursuant to the terms of this Protective Order.

   5.2   Aside from the Court, deponents, professional translators and stenographic reporters serving the attorneys of record or the Court, only individuals otherwise authorized to receive such "Confidential" or "Highly Confidential—Attorneys' Eyes Only" materials under the terms of this Protective Order may be present during confidential portions of the depositions or other testimony.

6. **Court Filing of "Confidential" and "Highly Confidential – Attorneys' Eyes Only" Materials; Dispositive Motions and Trial**

   6.1   Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any protected material. A party that seeks to file under seal any protected material must comply with Civil Local Rule 79-5 and this Court's Scheduling and Case Management Order and Procedures and Schedules page.

**6.2** The terms of this Protective Order shall govern in all circumstances except for presentations of live evidence and argument at hearings on dispositive motions and at trial. The parties shall meet and confer in advance of such proceedings and seek the guidance of the Court as to appropriate procedures to govern such proceedings.

7. **Access to *"Confidential"* Materials**

**7.1** Information or materials designated *"Confidential,"* or copies or extracts therefrom and compilations and summaries thereof, may be disclosed or made available, in whole or in part, only to the following persons:

(a) The Court;

(b) The parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is reasonably necessary that the information or material be shown for the purposes of this litigation;

(c) The parties and regular and temporary employees of such parties to whom it is reasonably necessary that the information or material be shown for purposes of this litigation;

(d) Outside stenographic court reporters, videographers, language translators, and other organizations supplying litigation support services;

(e) Graphics or design services retained by counsel for a party for purposes of preparing demonstrative exhibits for deposition, trial or other court proceedings in this action, provided that the persons to whom the information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order;

(f) Non-Technical jury or trial consulting services retained by counsel for a party provided that the persons to whom the information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order;

(g) Outside experts and Consultants as defined in Paragraph 7.2, and their secretarial and clerical assistants, provided that the persons to whom the information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order, pursuant to Paragraph 9; and

(h) Any other person upon order of this Court or upon written consent of the party producing the confidential information or material provided that the persons to whom the information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order, pursuant to Paragraph 9.

**7.2** For purposes of Paragraph 7.1(g), a Consultant shall be defined as a person who is neither an employee of a party nor anticipated to become an employee during the course of this litigation, and who is retained or employed as a consultant or expert for purposes of this litigation, whether full-time or part-time, by or at the direction of counsel for a party.

**8. Access to "Highly Confidential—Attorneys' Eyes Only" Materials**

*Highly Confidential—Attorneys' Eyes Only* Materials may be provided only to those individuals set forth in subparagraphs 7.1 (a), (b), (d), (e), and (h).

The parties agree that this protective order does not address the potential disclosure of *Highly Confidential—Attorneys' Eyes Only* documents to those individuals set forth in subparagraphs 7.1(f) and (g), and that the parties agree not to disclose any *Highly Confidential—Attorneys' Eyes Only* documents to any such person unless or until a further protective order is entered (either by stipulation among the parties or by motion or application brought by any individual or combination of parties) permitting such disclosure.

**9. Procedure for Disclosure**

Each person permitted by the parties or their counsel to have access to *"Confidential"* materials under the terms of paragraphs 7.1(e), (f), (g) and (h) of this Protective Order shall, prior to being given such access, be provided with a copy of this Order for review and shall sign an undertaking in the form attached as Exhibit A, indicating that he or she has read the Order and agrees to comply with its terms. Counsel disclosing *"Confidential"* materials to such persons shall retain the original signed undertaking.

Each person permitted by the parties or their counsel to have access to *Highly Confidential—Attorneys' Eyes Only* materials under the terms of paragraphs 7.1(e) and (h) of this Protective Order shall, prior to being given such access, be provided with a copy of this Order for review and shall sign an undertaking in the form attached as

Exhibit A, indicating that he or she has read the Order and agrees to comply with its terms. Counsel disclosing *"Highly Confidential—Attorneys' Eyes Only"* materials to such persons shall retain the original signed undertaking.

**10. Disclosure to Authors and Previous Recipients**

The designation of any document as *"Confidential"* or *"Highly Confidential—Attorneys' Eyes Only"* shall not preclude any party from showing the document to any person who appears as the author or as an addressee on the face of the document, or who has been identified by the designating party as having been provided with the document or the information therein.

**11. Disposition of Designated Materials at End of Case**

**11.1** Within thirty (30) days of the final adjudication, or resolution through settlement, of the claims at issue herein, unless otherwise agreed in writing by an attorney of record for the designating party, each party shall either (a) assemble and return all as *"Confidential"* or *"Highly Confidential—Attorneys 'Eyes Only"* material, including all copies thereof, to the party or third party witness from which the designated material was obtained, or (b) certify in writing that all such material has been destroyed. The producing party shall acknowledge receipt of such material in writing.

**11.2** Unless otherwise agreed, outside counsel for each party may retain one (1) archival copy of any *"Confidential"* and *"Highly Confidential—Attorneys' Eyes Only"* material, and this Protective Order shall remain in force with respect to such material.

**12. Duration of Order**

All provisions of this Protective Order, other than the confidentiality provisions of Paragraph 2 and the provision of Paragraph 11.2 pertaining to the archival copies, shall expire one month after compliance by all parties with Paragraph 11.1 hereof. The confidentiality obligations imposed by this Order shall survive any such expiration

Gibson, Dunn & Crutcher LLP
STIPULATED PROTECTIVE ORDER
41313069.1
CASE NO. CV 08-3340 VBF (JWJx)

1  unless otherwise expressly ordered by this Court upon a duly noticed motion and
2  hearing.

### 13. Modification of Order; Continuing Jurisdiction

Nothing in this Protective Order shall prevent any party from applying to this Court for entry of an Order declassifying or reducing the classification of a document which has been designated *"Confidential"* or *"Highly Confidential—Attorneys' Eyes Only."* This Protective Order shall not prevent any party from applying to this Court for relief therefrom or from applying to this Court for modification of this protective order or further or additional protective orders, or from modifying this Protective Order by mutual agreement, subject to the approval of this Court. This Court shall retain jurisdiction ~~indefinitely~~ *as necessary* with respect to any dispute regarding the improper use of Confidential Documents or Information, to modify the terms of this Protective Order, or to enter further Orders respecting Confidential Information, as may be necessary. *The Court and its personnel shall not be bound by any of the provisions of this stipulated order.* 

**STIPULATED AND AGREED TO BY:**

DATED: October ___, 2008

GIBSON, DUNN & CRUTCHER, LLP

By: _____
~~G. Charles Nierlich~~ Adam Wilson
Attorneys for Plaintiff
2KDIRECT, LLC

DATED: October 13, 2008

MANATT, PHELPS & PHILLIPS, LLP

By: _____
Zoey Kohn
Attorneys for Defendant
AZOOGLE ADS US, INC.

*Continued page / Stipulated Protective Order*

IT IS SO ORDERED.

DATED: October 17, 2008

By: _____
Hon. Valerie Baker Fairbank *Magistrate*
United States District Judge
Jeffrey W. Johnson

# EXHIBIT A

# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name] of _____

_____ [print or type full address] declare under penalty of perjury under the laws of the United States of America that I have read in its entirety and understand the foregoing Stipulated Protective Order ("Order") signed by the parties thereto and that was issued by the United States District Court for the Central District of California, in the case of 2KDIRECT, LLC V. AZOOGLEADS US, INC., et al., Case No. CV 08-3340 VBF (JWJx)).

I agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I hereby undertake and agree to abide by its terms including, without limitation, those terms regarding the use of any material designated *Confidential* or *Highly Confidential – Attorney's Eyes Only*, and any information contained therein as defined in the Order. I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

41323509.1

STIPULATED PROTECTIVE ORDER

CASE NO. CV 08-3340 VBF (JWJx)

41313069.1

Gibson, Dunn & Crutcher LLP